UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

UNITED STATES OF AMERICA,

        Plaintiff,

     - against -                Civil No. _____

$100,000.00 in U.S. Currency,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### VERIFIED COMPLAINT FOR FORFEITURE

       Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States

Attorney for the District of Maryland, and Christen Sproule, Assistant U.S. Attorney, brings this

complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal

Rules of Civil Procedure:

### NATURE OF THE ACTION

1.     This is a civil forfeiture action against U.S. currency involved in violations of the

      Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS IN REM

2.     The defendant is $100,000.00 in U.S. Currency.

3.     The defendant property was seized from a Min Hang Zou and Zhifeng Lin during a traffic

      stop in Prince Georges County, MD on April 10, 2012.

### JURISDICTION AND VENUE

4.     Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant

      property.   This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881(a)(6).

5..    This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b).

6.    Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because  the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

### BASIS FOR FORFEITURE

7.    The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6)  because is was money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation.

### FACTS

8.    The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Sergeant Jason Leichtman of the Maryland State Police which is incorporated herein by reference.

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated:  November 19, 2012

2

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland


By:    _____ by SdC
       Christen Sproule
       Assistant U.S. Attorney
       6500 Cherrywood Lane
       Greenbelt, MD 20770
       301-344-0229

3

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $100,000.00 in United States Currency.

I, Jason Leichtman, Sergeant of the Maryland State Police, submit that there are sufficient facts to support a reasonable belief that the $100,000.00 in United States Currency constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841. Thus, the $100,000.00 is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On April 10, 2012, Trooper (Tpr.) Ward, of the Maryland State Police, Forestville Barrack, stopped a 2006 Toyota Sienna, with New York registration FCH 4131 (the "vehicle") for a speeding violation, in Prince George's County, Maryland. Min Hang Zou ("Zou") was identified as the driver. Zhifeng Lin ("Lin") was identified as the front passenger in the vehicle. The two (2) rear passengers were identified as Guang Chen ("Chen") and Yu Qiong Liu ("Liu").

b. The vehicle is registered to Zou.

c. While Zou retrieved his license and the vehicle registration, Tpr. Ward observed that Zou's hands were shaking so uncontrollably that he was having trouble pulling his license out of his wallet.

d. Tpr. Ward observed numerous energy drinks in the center console

e. Zou stated that he was traveling to New York from Florida.

f.  When speaking with Zou, Tpr. Ward noted that the front passenger, Lin, attempted to answer questions and talked over Zou.

g.  Tpr. Ward noted that Lin avoided eye contact when answering a question.

h.  Zou advised that he has been in Florida since the Friday before the traffic stop.

i.  Lin stated that they went down to Florida for only a day.

j.  Tpr. Ward observed that the rear passengers, Chen and Liu, appeared to be very uncomfortable.

k.  Corporal (Cpl.) Murphy conducted a K-9 scan on the vehicle and the K-9 alerted positively for the presence of a controlled dangerous substance.

l.  Tpr. Ward conducted a probable cause search of the vehicle and located a blue suitcase and a black suitcase in the rear compartment.

m.  Inside the blue suitcase, Tpr. Ward located a brown paper bag containing $40,000.00 in U.S. Currency.  The bag was located in the main compartment of the suitcase, under clothing.  The trooper located a second brown paper bag containing $40,000.00 in U.S. Currency inside a side pocket of a pair of brown cargo shorts.  The currency was bundled into four (4) stacks of $10,000.00 each.

n.  Zou claimed ownership of the blue suitcase.

o.  Inside the black suitcase, Tpr. Ward located a brown paper bag containing $20,000.00 in U.S. Currency inside the side pocket.  The currency was bundled into two (2) stacks of $10,000.00 each.

p.  Lin claimed ownership of the black suitcase.

q.  Chen and Liu stated that the currency was not theirs and they had nothing to do with it.

r.   A K-9 scan was conducted on the money and the K-9 alerted positively for the presence of a controlled dangerous substance.

s.   Neither Zou or Lin would provide an explanation for why they were in possession of the large amount of currency, but later stated they were attempting to start a new business.

t.   Neither Zou or Lin provided any documentation for the currency.

u.   Zou, Lin, Chen and Liu were released without charges being preferred.

v.   A criminal history check on Zou yielded negative results.

w.   A criminal history check on Lin yielded negative results.

x.   A criminal history check on Chen yielded negative results.

y.   A criminal history check on Liu yielded negative results.

z.   A check for wages and employment was conducted for Zou through all fifty (50) states.  No record of earnings could be located for Zou.

aa.  A check for wages and employment was conducted for Lin through all fifty (50) states.  Lin reported earnings totaling $8,637.00 in 2011 and $2,370.00 in 2010.  No earnings could be located for Lin in 2012.

bb.  A check for wages and employment was conducted for Chen through all fifty (50) states.  Chen reported earnings totaling $7,498.16 in 2011.  No earnings could be located for Chen in 2010 or 2012.

cc.  A check for wages and employment was conducted for Liu through all fifty (50) states.  Liu reported earnings totaling $7,733.03 in 2011 and $2,980.87 in 2010.  No earnings could be located for Liu in 2012.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $100,000.00 U.S. CURRENCY FROM MIN ZOU AND ZHIFENG LIN ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Jason Leichtman
Sergeant
Drug Enforcement Administration

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me by a Maryland State Police Officer, and that everything contained therein is true and correct to the best of my knowledge and belief.

_____
Stefan D. Cassella
Assistant U.S. Attorney

4

DATE:        November 20, 2012

TO:          Kristine Cupp
             USMS

FROM:        Naquita Ervin
             Paralegal Specialist

RE:       **U.S. v. $100,000 in U.S. CURRENCY**
          <u>**Civil Action No.**</u>

CATS ID:    **12-DEA-566199/ GC-12-0135**

The United States has filed a forfeiture action against **$100,000 in U.S. CURRENCY.**  A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at **<u>www.forfeiture.gov</u>** pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**

| | |
|---|---|
| PLAINTIFF **UNITED STATES OF AMERICA** | COURT CASE NUMBER |
| DEFENDANT **$100,000 U.S. Currency** | TYPE OF PROCESS Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
**GC-12-0135/ 12-DEA-566199**

ADDRESS (*Street or RFD, Apartment No., City, State, and ZIP Code*)

| SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW: | |
|---|---|
| Naquita C. Ervin, Paralegal Specialist U.S. Attorney's Office 36 S. Charles Street, 4th floor Baltimore, Maryland 21201 | Number of process to be served with this Form - 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service*)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of : ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 410-209-4800 | DATE 11/20/12 |
|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (*Sign only first USM 285 if more than one USM 285 is submitted*) | Total Process No._____ | District of Origin No._____ | District to Serve No._____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (*See remarks below*).

| Name and title of individual served (*If not shown above*). | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (*complete only if different than shown above*) | Date of Service / Time / am pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (*including endeavors*) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt